UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
ALBA A.,

                        Plaintiff,        <u>DECISION AND ORDER</u>
                                                        1:24-CV-02577-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

      In May of 2021, Plaintiff Alba A.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Olinsky Law Group, Howard David Olinsky, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 6).

      This case was referred to the undersigned on July 2, 2025. Presently pending are the parties' competing requests for judgment on the pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. For the

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

following reasons, Plaintiff's request is due to be denied, the Commissioner's request is granted, and this case is dismissed.

## I. BACKGROUND

### A. Administrative Proceedings

Plaintiff applied for benefits on May 26, 2021, alleging disability beginning January 9, 2020. (T at 61-63).[2] Plaintiff's application was denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on December 15, 2022, before ALJ Michael Stacchini. (T at 34-60). Plaintiff appeared with an attorney and testified. (T at 41-53). The ALJ also received testimony from Ruth Baruch, a vocational expert. (T at 53-57).

### B. ALJ's Decision

On March 29, 2023, the ALJ issued a decision denying the application for benefits. (T at 15-30). The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 9, 2020 (the alleged onset date) and meets the insured status requirements of the Social Security Act through December 31, 2025 (the date last insured). (T at 20-21).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 9.

The ALJ concluded that Plaintiff's degenerative disc disease of the lumbar spine; degenerative disc disease of the cervical spine; and obesity were severe impairments as defined under the Act. (T at 21).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 21).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: she can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; and frequently reach; but must avoid unprotected heights and hazardous machinery. (T at 21-22).

The ALJ concluded that Plaintiff could perform her past relevant work as a distribution manager. (T at 25).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between January 9, 2020 (the alleged onset date) and March 29, 2023 (the date of the ALJ's decision). (T at 26).

On March 8, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-7).

C.   *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on April 4, 2024. (Docket No. 1).  On October 2, 2024, Plaintiff filed a brief requesting judgment on the pleadings. (Docket No. 14).  The Commissioner interposed a brief in opposition to Plaintiff's request and in support of a request for judgment on the pleadings, on November 25, 2024. (Docket No. 15).  On December 16, 2024, Plaintiff submitted a reply brief. (Docket No. 16).

## II.  APPLICABLE LAW

A.   *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the ALJ's decision.  First, she challenges the ALJ's step two analysis.  Second, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed.  The Court will address each argument in turn.

A.   *Step Two Analysis*

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

The following are examples of "basic work activities": "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling ... seeing, hearing, and speaking ... [u]nderstanding, carrying out, and remembering simple instructions ... [u]se of judgment ... [r]esponding appropriately to supervision, coworkers and usual work situations." *Gibbs v. Astrue*, No. 07-Civ-10563, 2008 WL 2627714, at *16 (S.D.N.Y. July 2, 2008); 20 C.F.R. § 404.1521(b)(I) (5).

Although the Second Circuit has held that this step is limited to "screen[ing] out de minimis claims," *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala*, 895 F. Supp. 50, 53 (S.D.N.Y.1995).

Indeed, a "finding of 'not severe' should be made if the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect on an individual's ability to work.'" *Rosario v. Apfel*, No. 97-CV-5759, 1999 WL 294727 at *5 (E.D.N.Y. March 19,1999) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987)).

In the present case, as discussed above, the ALJ concluded that Plaintiff's degenerative disc disease of the lumbar spine; degenerative disc

8

disease of the cervical spine; and obesity were severe impairments as defined under the Act. (T at 21).

Plaintiff argues that the ALJ erred by failing to consider whether her chronic headaches were a severe impairment.

The Court finds no reversible error in the ALJ's decision.  In sum, the record evidence does not support the conclusion that Plaintiff's headaches would cause more than a minimal effect on her ability to work.

Plaintiff testified that she experiences daily headaches, but her medical records contain few documented headache complaints during the period at issue. (T at 399, 401-02, 468, 505).  Clinical examinations showed unremarkable cognitive and neurological findings. (T at 332, 360, 361, 507, 512).  A CT scan of Plaintiff's brain was normal. (T at 339).

None of Plaintiff's treating providers diagnosed her with chronic headaches.  The only medical professional who did make such a diagnosis was Dr. Paul Mercurio, who performed a consultative examination in September of 2021.  Notably, while Dr. Mercurio diagnosed chronic headaches based on Plaintiff's self-report, he assessed no limitation in Plaintiff's ability to see, see, speak, sit, or stand and did not identify any functional limitations related to Plaintiff's headaches. (T at 508).

9

In her application for benefits, when asked to identify the impairment(s) that prevented her from working, Plaintiff did not include headaches. (T at 197, 226). *See e.g., Roane v. O'Malley*, No. 22 CIV. 10704 (AEK), 2024 WL 1357845, at *6 (S.D.N.Y. Mar. 29, 2024)("Plaintiff next contends that ALJ Romeo erred by failing to find that she had a severe hip impairment. The Court disagrees. Notably, Plaintiff did not allege a hip impairment at the time she applied for benefits.").

Plaintiff notes, correctly, that the ALJ did not explicitly address the question of whether Plaintiff's headaches were severe and that post hoc rationalizations by counsel are generally not sufficient to remedy gaps or errors in the ALJ's analysis. *See Newbury v. Astrue*, 321 F. Appx. 16, 18 (2d Cir. 2009).

A court, however, may overlook the absence of an adequate explanation or error in analysis if it is possible to "glean the rationale of the ALJ's decision." *Cichocki v. Astrue*, 534 Fed. Appx. 71, 76 (2d Cir. 2013). This should be done sparingly and only where it is clear the ALJ considered all the relevant evidence and the "the record contains robust support for the finding that [the claimant} is not disabled." *Barrere v. Saul*, 857 F. Appx. 22, 24 (2d Cir. 2021).

Here, there is robust support in the record to support the conclusion that Plaintiff's headaches are not severe within the meaning of the Social Security Act.[3]  *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010)(finding remand not appropriate if the ALJ committed harmless error, *i.e.*, where "application of the correct legal principles to the record could lead only to the same conclusion")(alteration omitted)(citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

B.    Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017.

---

[3] Plaintiff also suggests that the ALJ did not adequately account for her "neck issues" when considering her impairments.  However, the ALJ found that Plaintiff's degenerative disc disease of the cervical spine was a severe impairment and limited Plaintiff's reaching to account for this impairment. (T at 21-22).  Plaintiff did not establish evidence of additional limitations and/or any reason to find material error in the ALJ's consideration of her "neck issues."

*See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).  The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations

presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. M. Vazquez Gonzalez, a non-examining State Agency review physician, provided a functional assessment in September of 2021. Dr. Vazquez Gonzalez opined that Plaintiff could occasionally lift/carry 10 pounds; frequently lift/carry less than that; stand/walk for 4 hours in an 8-hour workday; sit for more than 6 hours in an 8-hour workday; frequently climb ramps, stairs, ladders, ropes, and scaffolds; and frequently stoop, kneel, crouch, and crawl. (T at 70-71).

Dr. A. Auerbach, another State Agency review physician, provided an opinion in February of 2022. Dr. Auerbach believed Plaintiff could occasionally lift/carry 20 pounds; frequently lift 10 pounds; stand/walk for 4 hours; sit for more than 6 hours; frequently climb ramps, stairs, ladders, ropes, and scaffolds; and frequently stoop, kneel, crouch, and crawl. (T at 84-86).

The ALJ found these opinions persuasive, concluding that they were "generally consistent with and supported by the totality of the medical

record …." (T at 25).  Plaintiff argues that the ALJ failed to provide an adequate explanation for this finding.

The Court finds no error in the ALJ's consideration of the medical opinion evidence.  The ALJ reasonably concluded that State Agency review opinions were supported by, and consistent with, the record, including imaging studies of Plaintiff's cervical and lumbar spines (T at 71, 85, 380-82, 456), the course of treatment (71, 85), clinical examination findings (T at 72, 86), and activities of daily living. (T at 72, 86). See *Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)("'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'") (quoting *Leach ex rel. Murray v. Barnhart*, No. 02 Civ.3561 RWS, 2004 WL 99935, at *9 (S.D.N.Y. Jan. 22, 2004)).

Additional support for the ALJ's decision is found in the opinion of Dr. Mercurio, the consultative examiner.  Dr. Mercurio opined that Plaintiff had no limitation hearing, seeing, speaking, sitting, or standing. (T at 508). Dr. Mercurio assessed mild limitation with respect to walking or recurrent climbing of steps, bending, lifting, carrying, or kneeling, and no limitation for reaching or handling objects. (T at 508).

The ALJ found Dr. Mercurio's opinion "partially" persuasive, concluding that the overall record supported a somewhat more limited functional assessment. (T at 24-25). *See Baker o/b/o Baker v. Berryhill*, No. 1:15-CV-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018)("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.")(emphasis in original)(collecting cases); *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999)(noting that "the ALJ's RFC finding need not track any one medical opinion").

While Plaintiff suffers from pain and limitation the ALJ did not dismiss this evidence and, instead, found Plaintiff limited to a reduced range of sedentary work. (T at 21-22).

However, "disability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, the ALJ offered specific support for his decision, including a reasonable reading of the treatment notes and clinical assessments, an appropriate reconciliation of the medical opinion evidence, and proper consideration of the activities of daily living.  This is sufficient to sustain the disability determination under the deferential standard of review applicable

here. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's request for judgment on the pleadings is DENIED; the Commissioner's request for judgment on the pleadings is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: July 18, 2025                              *s/ Gary R. Jones*
                                                                  GARY R. JONES
                                                                  United States Magistrate Judge